G. Lynn Shumway (011714)
shumway@carsafetylaw.com
**SHUMWAY LAW PLLC**
4647 N. 32nd Street, Suite 230
Phoenix, Arizona  85018
Telephone    :  602.795.3720
Facsimile :  602.795.3728

Mark P. Breyer (#016862)
Brian C. Fawber (#028577)
Edward M. Ladley (#018829)
mark@breyerlaw.com
**BREYER LAW OFFICES, PC**
3840 E. Ray Road
Phoenix, Arizona  85004
Telephone:  (602) 267-1280
Facsimile:  (480) 496-7311

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **JOSE EFRAIN LLANAS,** an individual,<br><br>Plaintiff,<br><br>vs.<br><br>**NAVISTAR INTERNATIONAL CORPORATION**, a foreign corporation formerly known as International Harvester Corporation; **BENDIX COMMERCIAL VEHICLE SYSTEMS, LLC**., a foreign corporation; **MOHAMMAD AMIN**, an individual, and **JANE DOE AMIN**, husband and wife; and **RALEX TRUCKING COMPANY, INC**., a foreign corporation.<br><br>Defendants. | No. _____<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

/ / /

1

For his Complaint against Defendants, Plaintiff Jose Efrain Llanas alleges as follows:

**Parties**

1. Plaintiff Jose Efrain Llanas is a resident of the County of Pinal, State of Arizona.

2. Upon information and belief, Navistar International Corporation ("Navistar") is a Delaware corporation. Navistar was formerly known as the International Harvester Corporation.

3. Navistar is the corporate owner of the manufacturer of "International" brand commercial trucks.

4. The "ProStar+" is Navistar's signature Class 8 truck (class 8 trucks are those with gross vehicle weight ratings exceeding 33,000 pounds, and include most tractor trailer combinations in the United States).

5. The term "Navistar" encompasses any predecessor company or entity that designed and manufactured model year 2012 ProStar+ Class 8 trucks under the brand name "International," including the Truck at issue in this matter.

6. In 2011, Navistar had an approximately seventeen percent (17%) share of the American Class 8 truck market.

7. Defendant Bendix Commercial Vehicle Systems, LLC ("Bendix") is a foreign corporation. Upon information and belief, it is a wholly owned subsidiary of Knorr-Bremse AG.

8. Bendix's principle place of business is in the State of Ohio.

9. Bendix develops and makes systems for braking, stability, and traction, along with related components for heavy- and medium-duty trucks, trailers, tractors, buses, and other commercial vehicles.

10. Upon information and belief, in 2009, Bendix purchased the VORAD collision warning system, a system used in heavy-duty trucks, from Eaton Corporation. This purchase included any liabilities attendant to the VORAD collision warning system.

SHUMWAY LAW PLLC
4647 N. 32nd St., Suite 230
Phoenix, Arizona 85018-3345
602.795.3720 ♦ 602.795.3728 Fax

**11.**     Both Navistar and Bendix are responsible for the acts or omissions of their employees during the scope and course of their employment under the doctrine of *respondeat superior*.

**12.**     Defendant Mohammad Amin ("Amin") is an individual, upon information and belief, a resident of the State of California.

**13.**     He was the driver of the Truck involved in the collision at issue in the present matter.

**14.**     Defendant Jane Doe Amin is, upon information and belief, also a resident of the State of California, and is named herein solely to comply with the community property laws of the States of Arizona and California.

**15.**     Defendant Ralex Trucking Company, Inc. ("Ralex"), is a California corporation.

**16.**     Ralex owned the Truck involved in the collision at issue in the present matter.

**17.**     Ralex employed Defendant Mohammad Amin at a truck driver.  At all times at issue in the present matter, Amin was acting within the scope and course of his employment.

**18.**     Ralex is vicariously responsible for the wrongful acts or omissions of its employee, Mohammad Amin, under the doctrine of *respondeat superior*.

**19.**     Whenever reference is made in this Complaint to any act of any corporate or other business Defendant, such allegation shall mean that such corporation or other business did the acts alleged in the Complaint through its officers, director, employees, agent and/or representatives while they were acting within the actual or ostensible scope of their authority.

### Jurisdiction and Venue

**20.**     Plaintiff is a resident of the State of Arizona.

**21.**     Defendant Navistar is a resident of the State of Delaware.  Defendant Bendix is a resident of the State of Ohio.  Defendant Amin is a resident of the State of Ohio.

3

**22.**  There is complete diversity among the parties.

**23.**  Plaintiff seeks damages in excess of $75,000.00.

**24.**  Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**25.**  The incident giving rise to Plaintiff's injury occurred in the State of Arizona. Venue is proper in this Court.

## Factual Background

### 1.   Truck Collisions in the United States

**26.**  According to the National Transportation Safety Board, in 2012 alone, more than 1.7 million rear-end crashes occurred on our nation's highways, resulting in more than 1,700 fatalities and 500,000 injured people.

**27.**  Large trucks were involved in approximately 317,000 traffic crashes in 2012.

**28.**  A total of 3,921 individuals died as a result of large truck crashes in 2012, an increase of sixteen perecent (16%) from 2009 (3,380 fatalities from large truck crashes). The number of people injured from large truck crashes increased by a much greater rate, forty percent (40%). The number of persons injured by large truck crashes increased from 74,000 in 2009 to 104,000 in 2012.

**29.**  Studies by the National Highway Traffic Safety Administration have found that seventy-eight percent (78%) of all crashes were caused, at least in part, by driver inattention.

**30.**  Studies by the National Highway Traffic Safety Administration have found that and eighty-seven percent (87%) of all rear-end crashes were caused, at least in part, by driver inattention.

**31.**  Most multi-vehicle truck crashes involve a truck and smaller passenger vehicle.

**32.**  In the crashes involving a truck and smaller passenger vehicle, the most serious injuries or fatalities typically are suffered by the occupants of the passenger vehicles.

**33.** Forward Collision Warning ("FCW") is a vehicle-based safety system that generates visual, audible, and/or haptic (vibration) warnings for the driver in the event the driver's vehicle comes within a predefined distance and closing rate with a vehicle traveling in front of it.

**34.** In situations where the driver does not respond to the FCW alert signals, Collision Mitigation Braking ("CMB"), also known as Automatic Emergency Braking ("AEB"), automatically applies the vehicle's brakes through the electronic stability control system to reduce the impact speed or entirely prevent the collision with the target vehicle. Collectively, for purposes of the present complaint, FCW coupled with CMB is referred to herein as an "F-CAM system," short for "forward collision avoidance and mitigation system

**35.** General Motors and Delco began designing such systems in the early 1990s. In 1995, a team of scientists and engineers at the Hughes Research Laboratories in Malibu, California, working with Delco, demonstrated a forward collision avoidance system.

**36.** Collision prevention systems like automatic emergency braking would decrease truck fatalities by roughly 44% to 47%, according to the University of Michigan Transportation Research Institute.

**37.** By the mid-2000s, most automobile manufacturers had developed F-CAM systems for use in their automobiles.

**38.** Forward collision warning systems have been available for heavy duty (including Class 8 trucks) since the before 2005.

**39.** Automated emergency braking, CMB, has been installed on some heavy duty trucks used on public roadways since 2006.

**40.** In 2006, Mercedes Benz introduced an F-CAM system called "Active Brake Assist" in its large trucks.

**41.** In 2010, Mercedes Benz introduced "Active Brake Assist 2" which enabled the system to also react to stationary objects.

5

**42.** The two major component manufacturers of F-CAM systems for trucks are Meritor WABCO and Bendix.

**43.** Meritor WABCO introduced its version of an F-CAM system called "OnGuard" in 2007.

**44.** Meritor WABCO released its next generation level systems which would include partial braking capability in response to stationary objects in 2014.

**45.** Bendix launched its F-CAM technology with stationary object alerts in 2011, the model year of the Truck at issue.

**46.** Navistar's F-CAM systems available for installation as original equipment included, but was not limited to, the Eaton forward collision radar system ("Eaton Forward Collision Radar System"), the system Bendix purchased from Eaton.

**47.** The Eaton forward collision radar system is purportedly equipped with forward and side radar sensors that detect the presence and movements of vehicles around the truck to alert the driver of other vehicles' proximity. When the sensors detect that the host vehicle is closing on a vehicle ahead at a rate beyond a pre-determined threshold, or that a nearby vehicle is located in a position that may be hazardous, the system warns the driver visually and audibly.

### 2. **The Truck**

**48.** Navistar designed and manufactured the model year 2012 Prostar+ Truck, Vehicle Identification Number 3HSDJSJR8CN448318 (the "Truck").

**49.** The Truck was manufactured in Navistar's Escobedo, Mexico, manufacturing facility in August of 2011.

**50.** Navistar designed and manufactured the Truck for sale and use in the United States, including Arizona.

**51.** Navistar installed the Eaton/Bendix forward collision warning system ("VORAD FCW System") in the subject Truck.

///

**52.** Bendix manufactured and distributed the VORAD FCW System with the knowledge and intent that it be used on heavy trucks utilized on American roadways, including those in Arizona.

**53.** The VORAD FCW System was intended to provide an alarm and notice to a driver of an obstacle or slow-moving or stopped vehicle in the roadway at up to 500 feet.

**54.** The installation guide for the 2005 Eaton VORAD forward collision warning system claimed as follows:



**55.** Bendix failed to conduct any or adequate testing to determine whether the VORAD FCW System provided adequate notice of potential forward dangers in the manner described in the product statement immediately above this paragraph.

**56.** The Eaton VORAD system, advertised in the product statement immediately above paragraph 45, did not function during the subject even as represented in paragraph 45 above. It failed to detect forward dangers at night, and objects stopped in the roadway 500 feet ahead.

**57.** Navistar did so without conducting any or adequate testing to establish whether the FCW system installed in the Truck performed as it was advertised.

**58.** A collision mitigation braking system for use in a Class 8 truck does not have any independent risk of injury to either the driver of the truck or other drivers, occupants, or pedestrians on the roadway.

### 3. The Collision

**59.** In the early morning hours of January 6, 2016, Plaintiff Jose Efrain Llanas' 2014 Toyota Corolla stalled in the number 3 and/or number 4 lanes of Interstate 10 eastbound, at milepost 199 near Eloy, Arizona. The vehicle was stalled facing essentially rearward, so that the front of the vehicle was facing oncoming traffic.

**60.** It was dark and rainy at the time of the incident, but the roadway was otherwise straight and unobstructed.

**61.** Several eastbound vehicles observed Mr. Llanas' car stalled in these active lanes of traffic and successfully negotiated around his vehicle.

**62.** Defendant Mohammad Amir was driving a Navistar Class 8 ProStar+ Truck, the "Truck," owned by Defendant Ralex Trucking Company, Inc., eastbound on Interstate 10 at the time, in the number 3 lane.

**63.** Amin did not observe Mr. Llanas' vehicle in the number 3 and 4 lanes of the Interstate.

**64.** Mr. Amin stated that he saw Mr. Llanas' vehicle, but too late to take effective evasive action. As such, the Truck driven by Amin struck Mr. Llanas' vehicle at a relatively high rate of speed.

**65.** Although equipped with the Bendix forward collision warning system, Mr. Amin did not report hearing any sort of alarm or alert from this system. Mr. Amin told the investigating officers:

> Mohammad Amin identified himself as the driver of Traffic Unit #2. Mr. Amin provided a written statement as to what happen. In his statement, Mr. Amin describe the weather condition as "raining." He traveling at "57" mph. He sees a car in the middle of two lanes. Mr. Amin attempted to avoid the car, but he hit the car. His truck went to the left, struck the wall, and then went back to the right. Mr. Amin wrote, "my truck is broken really bad."
>
> Upon obtaining a verbal statement from Mr. Amin, he stated he was traveling in the number three traffic lane. The car was in the middle of the road. He attempted to avoid the car, but struck it. He went into the wall, and came back to the right. Mr. Amin stated he was wearing his seat belt at the time of the collision.

66. Mr. Amin's efforts to avoid the collision were based solely upon his visual observation of the vehicle, and not upon any warning from the forward collision warning system.

67. The following photographs demonstrate the magnitude of damage to Mr. Llanas' vehicle:




68. As a result of this collision, Mr. Llanas suffered critical injuries, including head trauma, a shattered pelvis, and collapsed lung.

69. A semi truck, such as that driven by Mr. Amin, takes approximately 525 feet to come to a complete stop when travelling 65 miles per hour.

70. Mr. Amin told the responding police officers that he traveling over 10 percent slower than 65 miles per hour, traveling at only 57 miles per hour.

71. Had the forward collision warning system functioned as it was represented and intended, the alarm would have provided Mr. Amin up to five seconds, or more, of additional time to react to the Llanas vehicle on the roadway, providing him with the opportunity to brake, move to a different lane, or both.

72. Bendix represents that its Forward Collision Warning System provides "[a]udible and visual warnings when the potential for a collision is detected even in rain, snow, fog, smoke, sun glare, or total darkness."

73. In the "fog" or "bad weather" mode, the Eaton system provides a "[v]isual display indicating when objects are detected within 500 feet in front of the vehicle."

74. According to the Eaton Forward Collision Warning System, "[i]f within 350 ft. to the vehicle and immediate braking is required to avoid a collision, all three lights will illuminate and a continuous warning tone will sound until the danger no longer exists."

75. If the Bendix Forward Collision Warning System had functioned as represented and intended, the driver would have had the opportunity to stop the Truck before colliding with Mr. Llanas' vehicle, or to avoid the Llanas vehicle by changing lanes.

76. If the Eaton Forward Collision Warning System had functioned as represented and intended, the driver would have had the opportunity to slow the Truck so that any collision would have been with considerably less force, resulting in no injuries to Mr. Llanas.

77. If the Eaton Forward Collision Warning System had functioned as represented and intended, the driver would have had the opportunity to slow the Truck so

that any collision would have been with considerably less force, resulting in significantly less serious injuries to Mr. Llanas.

**78.** Broad deployment of properly functioning and effective forward collision avoidance systems into passenger vehicles, motor coaches, singe-unit trucks, and trucks-tractors would considerably reduce the frequency and severity of rear-end crashes.

**79.** The subject 2012 ProStar+ was used in a reasonably foreseeable manner during the 5 seconds before the subject collision began to happen.

**80.** The subject 2012 ProStar+ was used in a reasonably foreseeable manner during the subject collision.

**81.** A non-defective forward collision warning system on the Truck should have alerted the driver of Mr. Llanas' vehicle stalled in the roadway ahead.

**82.** The Bendix forward collision warning system did not timely alert Mr. Amin and, as such, was unreasonably dangerous and defective.

**83.** The failure of the Bendix forward collision warning system in this event and collision demonstrates that the forward collision warning system was defective and unreasonably dangerous.

**84.** The Bendix forward collision warning system installed in the Truck was defective and unreasonably dangerous either as a result of a design defect, in which it was unable to detect stationary vehicles in the roadway (such as that of Mr. Llanas), despite there being no other obstacle or obstruction between the truck and the stationary vehicle.

**Claims For Relief**

**Count One**

**Common Law Negligence**

**(Against All Defendants)**

**85.** Plaintiff hereby incorporates by this reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

/ / /

86. Defendants owe and owed a duty of care to individuals driving, riding in or encountering vehicles manufactured in whole or in part and/or placed into the stream of commerce and utilized on public highways and roadways.

87. Defendant Amin breached this duty of care by failing to observe the Llanas vehicle in the roadway, and failing to take stop the Truck prior to the collision.

88. Defendant Ralex is vicariously responsible for the negligence of Defendant Amin under the doctrine of *respondeat superior*.

89. Defendant Navistar breached this duty of care by, among other things, negligently placing a 2012 ProStar+'s into the stream of commerce that was defective and unable to perform as expected and intended, either through a design defect or manufacturing defect.

90. Defendant Navistar further breached its duty of care by failing to include a collision mitigation braking or early braking system on the Truck.

91. Defendant Bendix breached this duty of care by providing to Navistar a forward collision warning system that would not function as intended or expected, as a result of a design defect.

92. Defendant Ralex is further negligent by placing the defective Truck into the stream of commerce and operating the defective vehicles on public roadways.

93. For the reasons specified herein, the Truck and its collision avoidance system were, at the time the vehicle was sold and used as herein alleged, unreasonably dangerous and defective for their intended purposes.

94. As a direct and proximate result of Defendants' negligence, recklessness and conscious decisions, as alleged herein, Plaintiff Jose Efrain Llanas suffered serious and permanent injuries. Plaintiff has sustained severe pain and injury, anguish, emotional distress, loss of enjoyment of life, loss of consortium, and other injuries.

95. Plaintiff has further incurred medical expenses, will continue to incur such expenses into the future, and has lost past and future income, as well as a loss of earning capacity. He also incurred other consequential and general damages.

**Count Two**

**Product Liability – Design Defect**

**(Against All Defendants)**

**96.** Plaintiff hereby incorporates by this reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

**97.** Defendants are liable to Plaintiff because of the defective and unreasonably dangerous design of the subject forward collision warning system that was installed in the 2012 ProStar+'s Truck, as alleged in this complaint.

**98.** Defendant Navistar is further liable to Plaintiff for its failure to include a collision mitigation braking or automatic emergency braking system on the Truck.

**99.** Defendant Ralex is liable to Plaintiff for placing the defective Truck into the stream of commerce and operating the defective vehicles on public roadways.

**100.** As a direct and proximate result of Defendants' manufacture and distribution of the Truck that excluded use of available, effective and inexpensive forward collision warning systems and collision mitigation and/or automatic emergency braking systems in the subject 2012 ProStar+, Plaintiff suffered serious and substantial injuries.

**101.** The forward collision warning system and the Truck did not operate as a reasonable consumer would have expected these devices to operate.

**102.** Further, the benefits of placing a properly designed forward collision warning system in the Truck far outweighed any risks associated with the design; indeed, there are no "risks" inherent to a properly designed forward collision warning system.

**103.** The benefits of a collision mitigation and/or automatic emergency braking systems outweigh any risks associated with the design of a Truck including such a system.

**104.** As a direct and proximate result of defective and unreasonable designed forward collision warning system and Truck, Plaintiff Jose Efrain Llanas suffered serious and permanent injuries. Plaintiff has sustained severe pain and injury, anguish, emotional distress, loss of enjoyment of life, loss of consortium, and other injuries.

**105.** Plaintiff has further incurred medical expenses, will continue to incur such expenses into the future, and has lost past and future income, as well as a loss of earning capacity. He also incurred other consequential and general damages.

### Count Three

### Products Liability – Manufacturing Defect

### (Against Defendants Navistar and Bendix)

**106.** Plaintiff hereby incorporates by this reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

**107.** Defendants are liable to Plaintiff because of the defective and unreasonably manufacture of the subject forward collision warning system that was installed in the 2012 ProStar+'s Truck, as alleged in this complaint.

**108.** As a direct and proximate result of Defendants' manufacture and distribution of the Truck with a defectively manufactured forward collision warning system and/or collision avoiding automatic emergency braking system in the subject 2012 ProStar+, Plaintiff suffered serious and substantial injuries.

**109.** The forward collision warning system did not operate as a reasonable consumer would have expected these devices to operate.

**110.** Further, the benefits of placing a properly designed forward collision warning system in the Truck far outweighed any risks associated with the design; indeed, there are no "risks" inherent to a properly designed forward collision warning system.

**111.** As a direct and proximate result of defectively manufactured forward collision warning system and Truck, Plaintiff Jose Efrain Llanas suffered serious and permanent injuries. Plaintiff has sustained severe pain and injury, anguish, emotional distress, loss of enjoyment of life, loss of consortium, and other injuries.

**112.** Plaintiff has further incurred medical expenses, will continue to incur such expenses into the future, and has lost past and future income, as well as a loss of earning capacity. He also incurred other consequential and general damages.

SHUMWAY LAW PLLC
4647 N. 32nd St., Suite 230
Phoenix, Arizona 85018-3345
602.795.3720 ♦ 602.795.3728 Fax

**Prayer For Relief**

**WHEREFORE**, Plaintiff Jose Efrain Llanas prays for damages against Defendants Navistar International Corporation Bendix Commercial Vehicle Systems, LLC, Mohammad Amin and Jane Doe Amin, and Ralex Trucking Company, Inc., and each of them, as follows:

1. For special damages, including but not limited to medical fees and expenses.
2. For other general damages, including lost income, pain and suffering, medical expenses, cost of care, and loss of enjoyment of life.
3. For economic damages, including past and future medical expenses, loss past and future income, and loss of earning capacity.
4. For taxable costs and pre- and post-judgment interest to the extent permitted by law.
5. For attorney's fees and expenses to the extent permitted by law.
6. For other relief as the Court deems just and proper.

**Jury Demand**

Plaintiff respectfully demands a trial by jury on all issues in this matter triable to a jury.

DATED this 22nd day of September, 2017.

**SHUMWAY LAW PLLC**

s/ G. Lynn Shumway
G. Lynn Shumway
4647 N. 32nd Street
Suite 230
Phoenix, Arizona  85018

and

**BREYER LAW OFFICES, P.C.**

Mark P. Breyer
Brian c. Fawber
Edward M. Ladley
*Attorneys for Plaintiff*